UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA.

CASE NO: 00-6179-CR-FERGUSON

UNITED STATES OF AMERICA,

vs.

KENNETH DUQUETTE,

Defendant.
_____/



### DEFENDANT'S OBJECTIONS TO
### PRESENTENCE INVESTIGATION REPORT

COMES NOW, the defendant, Kenneth Duquette, by and through the undersigned attorney, and files these objections to the Presentence Investigation Report filed herein, and states as follows:

1. **Offense level computation**

Objections: A role reduction is warranted.

The defendant should be entitled to a role reduction of between two (2) to four (4) points pursuant to 3B1.2. The sentencing guidelines section which entitles defendant to reduction in base offense level if he was a minimal or minor participant in offense is limited to a defendant who's role in the criminal offense which makes him less culpable than the other participants. See, eg., United States v. Osborne, 931 F2d 1139, 1157 (7th Cir. 1991). The Courts have defined a minimal participant as one who is "plainly among the least culpable of those involved in the conduct of the group", and minor participants as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." See, United States v. Davis, 938 F.2d 744, 746 (7th Cir. 1991).

In the instant case, the defendant Kenneth Duquette, is clearly less culpable, or least culpable, than Mark Cohen, Eric Silverman, Bruce Hollander, Kenneyth Heyder, Jean



Lindor, Jean Dufralessi, Paul Slatz, Christie Galluci, and Lee Garber. The defendant, Kenneth Duquette, submits that the group should be separated as follows;

(1). MARK COHEN: LEADER in that he was

(a). Was involved in the entire conspiracy;

(b). Coordinated, organized and formulated the entire scheme;

(c). Recruited and supervised others in the conspiracy;

(d). The loss amount attributable to this defendant is in excess of one million.

(2) ERIC SILVERMAN: LEADER in that he

(a). Assisted in organizing and implementing the entire scheme with Mark Cohen;

(b). Split all profits with Mark Cohen;

(c). Prepared false documents in furtherance of the scheme;

(d). Supervised individuals who took part in the scheme;

(e). The loss attributable to this defendant is in excess of one million.

(3). BRUCE HOLLANDER: ONE LEVEL BELOW THE LEADERS in that he

(a). Provided/prepared false documents in furtherance of the scheme;

(b). Provided title policies on the subject real estate;

(c). Was paid $1000.00 per closing plus was on monthly retainer with the leaders;

(c). Actions allowed the concealment of the immediate resale and inflated price of the house from the lenders, which was integral to the success of the scheme.

(4). KENNETH HYDER: ONE LEVEL BELOW THE LEADERS in that he

(a). Provided/prepared false documents in furtherance of the scheme;

(b). Actions allowed the concealment of the immediate resale and inflated price of the house from the lenders, which was integral to the success of the scheme;

(c). Supervised and managed others in the conspiracy.

(5). JEAN LINDOR: TWO LEVELS BELOW THE LEADERS in that he

(a). Referred potential borrowers to Cohen and Silverman, the leaders of the scheme;

(b). Created some false documents as to borrowers;

(c). Assisted transactions with gift money to the banks;

(d). Supervised other persons in creating false documents, including some unindicted individuals.

(6). JEAN DUFRALESSI: THREE LEVELS BELOW THE LEADERS in that he

(a). Prepared false records of employment;

(b). Arranged to have persons act as borrowers;

(c). Purchased cashiers checks for use in the transactions;

(7). PAUL SALTZ: FOUR LEVELS BELOW THE LEADERS in that he

(a). Prepared false documents and pay stubs for use in the scheme;

(b). False documents prepared for 100 transactions;

(8). CHRISTIE GALLUCI: FOUR LEVELS BELOW THE LEADERS in that she

(a). Assisted Cohen in actually preparing/creating false documents used in the scheme.

(9). LEE GARBER: FOUR LEVELS BELOW THE LEADERS in that he

(a). Interviewed potential borrowers for the scheme;

(b). Helped in filling out forms used in the scheme;

(c). Participated in closing in furtherance of the scheme.

**(10). KENNETH DUQUETTE: FIVE LEVELS BELOW THE LEADERS in that he**

**(a). Handled closings in furtherance of the scheme.**

The defendant in this case is clearly less culpable, or the least culpable out of most if not all the persons involved in the scheme. The defendant's behavior certainly leaves him either among the "least culpable" of the group (minimal participant), or being "less culpable than other members of the group" (minor participant). Under either scenario, the defendant is entitled to a role reduction.

In United States v. Veloza, 83 F.3d 380 (11th Cir. 1996), the court held that a "courier", even when playing an essential role to an importation offense, is not precluded

from consideration for a downward adjustment under the Sentencing Guidelines depending upon the facts of the case. Id. at 381-382. In Chan v. United States, 916 F.Supp. 343 (S.D.N.Y. 1996), the court found that a defendant who's actions had played a part in the success of a conspiracy was not necessarily precluded from a role reduction. In Chan, the defendant had flown in from Hong Kong to New York for the sole purpose of assisting in a drug transaction, possessed the keys for both hotel rooms used during the transaction, and had accompanied a co-defendant to meet undercover agents to retrieve drugs and to deliver drugs to an agent. The court held that the defendant was entitled to a two level reduction.

In the instant case, although it could be argued that the "closings" were an integral part of the scheme, it is clear that there are different levels of culpability contained within this scheme, and that Kenneth Duquette is at the lowest level, when compared to the others in the scheme. The defendant is entitled to a role reduction in this case.

2. **Victim Impact**

The defendant agrees that pursuant to his plea, he has accepted responsibility for loss of between $200,000, but less than $350,000.

3. **Adjustment for acceptance of responsibility**

Partial Objection:

The defendant agrees that he is entitled to a two level reduction, however, if the court accepts the defendant's adjusted offense level as 16 (per United States Probation) then the defendant believes and requests that this court award the defendant an additional one level reduction for timely entering a guilty plea and for providing the government with information regarding another suspect, and pursuant to Federal Sentencing Guidelines Section 3E1.1, the defendant is entitled to an addiotnal 1 level reduction, or total of 3 level reduction, not 2.

The Eleventh Circuit Court of Appeals has held that "once a defendant is awarded a two-level reduction for acceptance of responsibility, whether or not to grant the one level

reduction is a matter of determining only whether the defendant timely provided information and notified authorities of his intention to enter a plea of guilty." See, United States v. McPhee, 108 F.3d 287, 289-290 (11th Cir. 1987), United States v. Johnson, 132 F.3d 628 (11th Cir. 1998). The defendant meets the criteria as per current case law and Guidelines 3E 1.1, for an addiotnal one level reduction, or a total of three levels rather than two levels for acceptance of responsibility.

### 4. **Offense level computation**

Objections:

While the defendant agrees with the base offense level computation, and, and the specific offense characteristics, the defendant objects to an increase of 2 levels pursuant to 2F1.1(b)(2), for more than minimal planning or a scheme to defraud more than one victim. In the instant case, as to this defendant, it cannot be said that he should be held responsible for more than minimal planning. As to more than one victim, HUD is the victim in this matter in that the loans originate from HUD and it's programs, and the false documents/statements, used in the closings were directed to HUD. (Paragraph 7 of the defendant's plea agreement reads that *"The defendant agrees to plead guilty to the information, which charges the defendant with making false statements to the United States Department of Housing and Urban Development...*)(emphasis added). The defendant should not be assessed two additional points per 2F1.1(b)(2).

Based upon the above stated objections, the defendant objects to the offense level as reflected in the PSR.

### 7. **Custody**

Based upon the above stated objections, the defendant objects to the offense level, and therefore custody estimate as reflected in the PSR. The defendant should receive a reduction for his role in the offense, should not be assessed an additional two levels, and should receive, depending on what the court finds his adjusted base offense level to be a

three level reduction, rather than a two level reduction for his adjustment for acceptance of responsibility.

8. **Probation**

Based upon the defendant's objections above, and the request for this court to adjust the defendant's level based on being determined to be a minor or minimal participant, the defendant may be eligible for probation or a split sentence.

10. **Other factors that may warrant a reduction**

This court should depart downward in that the defendant's act may be considered "aberrant behavior" In this circuit, a sentencing court has the discretion to depart downward on the basis of aberrant behavior if (1) the defendant's conduct constituted a single, aberrant act, (2) the defendant is a first-time offender and, and (3) the crime was a spontaneous and thoughtless act rather than one which was the result of substantial planning. See, eg., United States v. Bush, 126 F.3d 1298, 1301(11th Cir. 1997)(quoting United States v. Withrow, 85 F.3d 527, 531(11th Cir. 1996). The defendant argues that he meets this criteria. Additionally, even if the court were to find that the defendant involvement included multiple acts, in light of Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392(1996), the defendant argues that a sentencing court may have the discretion to depart downward on multiple acts that themselves constitute aberrant behavior in general.

Respectfully submitted,

Jack A. Fleischman for
Fleischman & Fleischman, P.A.
2875 S. Ocean Bd., Ste. 104
Palm Beach, FL 33480
561-585-3666 / Fax 547-4016
FL. BAR NO: 0714534

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was Faxed / Mailed this 20 day of September, 2000, to: Sheila Parsons, U.S. Probation Officer, 501 S. Flagler Drive, West Palm Beach, Florida 33401; and United States Attorneys Office, 500 E. Broward Bd., 7th Floor, Ft. Lauderdale, Florida 33394.

By _____
Jack A. Fleischman

cc: client