JNK:hkp

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. <u>00-6179-CR-FERGUSON/SNOW</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **Plaintiff,** | : |
| vs. | : |
| **KENNETH DUQUETTE,** | : |
| **Defendant.** | : |



### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### OBJECTIONS TO THE PSI AND TO THE MOTION FOR DOWNWARD DEPARTURE

The United States, by and through its undersigned counsel, hereby opposes Defendant's Objections to the PSI and To The Motion for Downward Departure, and states as follows:

1. The defendant filed objections to the PSI claiming that: 1) he should receive a role reduction under Guideline Section 3B1.2; 2) he should receive three points for acceptance of responsibility; 3) the offense did not involve more than minimal planning; 4) and he should receive a downward departure due to his "aberrant behavior." The government agrees with the Probation Office that each of the objections are merit less. The government provides additional authority herein in support of the position of the Probation office that the defendant should be enhanced two points for more than minimal planning and that the defendant is not entitled to a downward departure for "aberrant behavior."



2.　　Guideline Section 1B1.1 states that more than minimal planning is deemed present in any case involving repeated acts over a period of time, except where the where each instance was clearly opportune. See e.g., United States v. Mullins, 996 F.2d 1171 (11th Cir. 1993)(purchasing three cars with stolen checks and reselling cars qualified for the enhancement). In this case the defendant was involved with 16 fraudulent loans that spanned over a period of twelve months from January 1997 through January 1998. The fraudulent loans were solicited by the defendant and were not clearly opportune.

3.　　Defendant requests a downward departure claiming that the defendant's guideline range should be reduced as his actions constituted aberrant behavior. The district court has discretion under very limited circumstances to depart downward if a defendant's conduct was a single aberrant act. United States v. Withrow, 85 F. 3d 527 (11th Cir. 1996). In order to be an aberrant act, the conduct must be a single, spontaneous and thoughtless act, rather than one which was the result of substantial planning. See United States v. Bush, 126 F. 3d 1298, 1301 (11th Cir. 1997). See also United States v. Hoffer, 129 F. 3d 1196 (11th Cir. 1997) and United States v. Onofre-Segarra, 126 F. 3d 1308 (11th Cir. 1997). In Bush, supra ,the defendant was convicted of embezzlement. It was the defendant's first conviction. The court found that embezzlement was not a single, spontaneous, thoughtless act. In this case the defendant was involved in 16 fraudulent loans over a one-year period. His actions were hardly a single, spontaneous, thoughtless act. The defendant's conduct cannot be considered to be outside the heartland of cases.

4   Based on the foregoing, the defendant's Objections to the PSI and Motion for Downward Departure should be denied.

Respectfully submitted,

GUY LEWIS
UNITED STATES ATTORNEY

BY: _____
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY
Court Bar No. A5500030
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255x3515
Facsimilie: (954) 356-7228
E-Mail Address:
(Jeffrey.Kaplan@justice.usdoj.gov)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was faxed this 4th day of October, 2000, to:

| | | |
|---|---|---|
| Jack Fleischman, Esq. | and | USPO Sheila Parsons |
| 2875 S. Ocean Bd., Ste 104 | | 501 S. Flagler Drive |
| Palm Beach, Florida 33480 | | West Palm Beach, Florida 33401 |

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY